UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

* * * * * * * * * * * * * * * * * * *

Jeffery Raymond Foster,

Petitioner,

vs.

State of Minnesota,

Respondent.

ORDER

Civ. No. 01-801 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 14th day of May, 2001.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a routine review, in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Petitioner's Motion for Appointment of Counsel. The Petitioner appears pro se, in forma pauperis, and the Defendant has made no appearance for the purpose of the Motion.

In his Petition for Writ of Habeas Corpus, the Petitioner alleges that he was denied effective assistance of counsel, at both the Trial and Appellate Court level, that the Jury which decided his case was improperly empaneled, that there was insufficient

FILED MAY 14 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

evidence to convict, and that the Trial Court improperly failed to admit evidence regarding the victim's past sexual abuse and past bad acts. In support of this Motion for Appointment of Counsel, he stresses that he is indigent, cannot afford to hire an attorney, and that his case is complex.

1. Standard of Review. It is well-established that this Court has no authority to compel legal counsel to assume the representation of the Petitioner, but merely has the discretionary authority to request an attorney to assume such representation. See, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); Scott v. Tyson Foods, Inc., 943 F.2d 17 (8th Cir. 1991). Central to the exercise of such discretion is a determination by the Court "that the [Petitioner] as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996)("A district court is to decide whether the [petitioner] and the court will substantially benefit from the appointment of counsel * * *.").

In exercising its discretionary authority, the Court must carefully weigh the factual and legal complexities of the case, the capability of the Petitioner to investigate the facts and to present his claims, and the existence of conflicting evidence.

See, McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Plummer v. Grimes, supra; Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Edgington v. Missouri Department of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

2. Legal Analysis. After reviewing these factors, we find the issues to be quintessentially uncomplicated both in their legal and factual components. Although there may be conflicting evidentiary contentions, their full exploration before the Court will not require the skillful and practiced questioning techniques associated with representation by legal counsel. Undoubtedly, the Petitioner's lack of legal knowledge will present some disadvantages, in terms of the requisite time and effort that may be attendant to the presentation of his claim, however, upon our review of the submissions which he has submitted to the Court thus far, we are satisfied that he possesses the capacity to develop and articulate the grievances which are presented by his Petition.

Accordingly, at this preliminary juncture, we deny the Petitioner's Motion for an appointment of counsel but, upon a proper showing, the Petitioner may subsequently renew the Motion should the circumstances so warrant.

NOW, THEREFORE, It is --

ORDERED:

That the Petitioner's Motion for an Appointment of Counsel [Docket No. 2] is DENIED.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE