UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Jeffrey Raymond Foster,

Petitioner,

vs. REPORT AND RECOMMENDATION

State of Minnesota,

Respondent. Civ. No. 01-801 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 26th day of November, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see Title 28 U.S.C. §2254, and an Application to proceed in forma pauperis. The Petitioner appears pro se, and the Respondent has appeared by Norman J. Loren, Kanabec County Attorney. For the reasons which follow, we recommend that the Amended Petition for a Writ of Habeas Corpus be summarily dismissed, but without prejudice.

## II. Discussion

The Petitioner represents that he is a State prisoner, who was convicted on January 9, 1998, on two Counts of First Degree Crimi-

9

FILED NOV 26 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

nal Sexual Conduct. Pursuant to reductions made by the Minnesota Court of Appeals on his direct appeal, the Petitioner is serving a 100-month sentence at the Minnesota Correctional Facility, in Moose Lake, Minnesota, to be followed by five years of conditional release.[1] On the direct appeal of his conviction to the Minnesota Court of Appeals, the Petitioner argued that: (1) there was insufficient evidence to convict him; (2) he was denied a fair Trial; (3) he was denied a fair Jury; and (4) he was erroneously sentenced upon conviction. On appeal, the Petitioner's conviction was affirmed, except, as we have noted, his sentence was reduced. See State v. Forester, No. C8-98-766, 1999 WL 1895 (Minn.App., Jan. 5, 1999), rev. denied (Minn., Feb. 24, 1999).

Originally, we considered the Petitioner's claim in June of 1999.[2] In that Petition, the Petitioner raised the following grounds for the invalidation of his State Court conviction:

1. Unconstitutional selection and impanelment of Jurors;

2. Ineffective assistance of Trial counsel;

---

[1]Upon his direct appeal, the Court of Appeals held that the Petitioner had been erroneously convicted on a lesser included offense, and the Court vacated the lesser included charge. As a result, the Petitioner's sentence was reduced from 196 to 110 months, and his conditional release period was lowered from ten to five years. See State v. Foster, No. C8-98-766, 1999 WL 1895 (Minn. App. Jan. 5, 1999), rev. denied (Minn., Feb. 24, 1999).

[2]See, Foster v. State of Minnesota, Civ. No. 99-788 (JMR/RLE).

3. Ineffective assistance of Appellate counsel;

4. Unfair Trial due to Trial Court error of excluding evidence of accuser's past sexual abuse;

5. Unfair Trial due to the Trial Court's error of excluding evidence of prior bad acts on the part of the accuser; and

6. Insufficient evidence on which to convict.

In an Order dated June 30, 1999, the District Court, the Honorable James M. Rosenbaum, now Chief Judge, presiding, adopted our Recommendation, and summarily dismissed the Petitioner's request for Habeas Relief because he had failed to exhaust his ineffective assistance of counsel claims in the Minnesota State Courts.

In response, the Petitioner filed an appeal, and also, on November 2, 1999, filed an Amended Petition for a Writ of Habeas Corpus ("Amended Petition"). The appeal was denied as untimely and, on August 9, 2000, we issued a Report and Recommendation that the Petitioner's Amended Petition be dismissed. On August 9, 2000, the District Court issued an Order which adopted our Recommendation. The Petitioner also appealed that Order, and the Court of Appeals filed its decision on May 4, 2001, which directed that the Petitioner's Amended Petition be refiled as a new case -- and that is the Petition which is presently before us.

In addition to the procedures that the Petitioner pursued in the Federal Courts, he also filed for postconviction relief in the Minnesota District Court for Kanabec County. On August 31, 1999, his request was denied. See Respondent's Memorandum, at 1. The Petitioner has not appealed the State District Court's denial of his Petition for postconviction relief. Id. Therefore, the critical issue before us is whether the Petitioner has cured the exhaustion deficiencies that earlier precluded our review of his Petition. We conclude that he has not and, therefore, we again recommend that the Petitioner's claim be dismissed, without prejudice, on exhaustion grounds.

A. Standard of Review. Before considering a Federal Habeas Petition involving State claims -- even one which properly presents Federal constitutional claims -- we "must first determine whether the petitioner has fairly presented [those claims] to the state court." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing Duncan v. Henry, 513 U.S. 364, 365-366 (1995); see also, Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999)(en banc). To have fairly presented a claim in the State Courts, petitioners must have referred to a specific Federal constitutional right, a particular constitutional provision, a Federal constitutional case, or a State case raising a pertinent Federal constitutional issue in a claim

before the State Courts. See, Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996)(en banc), cert. denied, 517 U.S. 1215 (1996).

A petitioner who has failed to fairly present a claim to the State Courts, that he seeks to advance in a Federal Habeas Petition, must tread the narrow path between exhaustion and procedural default. Section 2254(b)(i) precludes Federal Courts from issuing Writs of Habeas Corpus unless the Petitioner has first presented his claim for relief to the State Courts. See, Gray v. Netherland, 518 U.S. 152, 161 (1996), citing Castille v. Peoples, 489 U.S. 346, 351 (1989); Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996), cert. denied, 518 U.S. 1029 (1996). Claims are exhausted under this doctrine, only when the same factual underpinnings, and legal theories being asserted in the Federal Habeas Petition, were first properly raised in State Court proceedings. See, Abdullah v. Groose, supra at 411; Krimmel v. Hopkins, 56 F.3d 873, 876 (8th Cir. 1995), cert. denied, 516 U.S. 1015 (1995). Accordingly, State Courts should have the first opportunity to determine whether a particular exercise of the State police power comports with the Constitution. See, O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Hawkins v. Higgins, 898 F.2d 1365, 1367 (8th Cir. 1990).

As with every rule, the exhaustion requirement has an exceptions, and does not apply if it appears that resort to State remedies would be futile. See, Title 28 U.S.C. §2254(b)(1)(B)(ii);

Sloan v. Delo, 54 F.3d 1371, 1378 (8th Cir. 1995). However, this exception applies "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). Thus, if it is clear that the State Courts would find the claim to be procedurally barred, such that a return to the State Courts would be futile, then a Federal Court may consider an unexhausted claim -- subject to the limitations prescribed by the procedural default rule. See, Sloan v. Delo, supra at 1381; but cf., Meadows v. Legarsky, 904 F.2d 903, 909 (4th Cir. 1990)(exhaustion not excused when it is possible that the State Court would make an exception to procedural default rule and reach the merits of the petitioner's claim), cert. denied, 498 U.S. 986 (1990).

Or, where the State Supreme Court has recently issued an adverse ruling on the same question of law under almost identical facts, any resort to State Court remedies would likewise be futile. See, Hawkins v. Higgins, supra at 1367; see also, Allen v. Attorney Gen. of Maine, 80 F.3d 569, 573 (1st Cir. 1996)(exhaustion not required when recent independent decision by highest State Court plainly rendered appellate review futile). However, the burden rests upon the Petitioner to demonstrate "'a clear manifestation on the record' that to present his post-conviction claims to

the state courts would be an exercise in futility." Harrow v. Black, 818 F.2d 17, 18 (8th Cir. 1987), citing Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984), cert. denied, 496 U.S. 940 (1990).

Furthermore, where a Petition contains both exhausted and unexhausted claims for relief, a Federal Court cannot grant relief upon any of the Petitioner's claims. See, Rose v. Lundy, 455 U.S. 509, 522 (1982); Murray v. Wood, 107 F.3d 629, 632 (8th Cir. 1997). Ordinarily, such "mixed" Petitions are to be dismissed without prejudice, although Federal Habeas Courts may retain jurisdiction under limited circumstances.[3] Id.

B. Legal Analysis. In our Report and Recommendation of June 7, 1999, which related to the Petitioner's first Federal Petition, and which was adopted by the District Court, we found that, of the six claims raised by the Petitioner, only his Sixth Amendment challenge to the effectiveness of his Trial and Appellate Counsel remained unexhausted. Petitioner now resubmits his Petition, after having filed, and having been denied, postconviction relief by the Minnesota District Court, which had earlier entered

[3]A recent amendment to Section 2254 allows the Court to deny an application for a Writ of Habeas Corpus on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Title 28 U.S.C. §2254(b)(2); see, also, Lindh v. Murphy, 521 U.S. 320, 334 n. 7 (1997). Judicial economy may counsel such a denial of a claim on the merits, if the claim were easily resolvable against the petitioner. Lambrix v. Singletary, 520 U.S. 518, 525 (1997).

his Judgment of conviction. The issue thus becomes whether the Petitioner is required to appeal the Minnesota District Court's denial of his postconviction appeal, which he acknowledges he did not accomplish, in order to satisfy the applicable exhaustion requirement. We conclude that he has to pursue such an appeal.

As a threshold observation, we note that neither the Petitioner, nor the Respondent, has provided the Court with any of the documents which pertained to the Petitioner's State postconviction Petition, nor have they provided a description of the claims raised therein.[4] Consequently, we are unable to determine whether the Petitioner asserted his claims concerning both Trial and Appellate Counsel in his State District Court postconviction Petition, and we are unable to state, with certainty, that the Petitioner advanced both of those Sixth Amendment claims in the State Court. Nonethe-

---

[4]When asked what grounds he raised in his State Court post-conviction proceeding, the Petitioner responded:

> After receiving report and recommendation from district court, and finding out I still had post conviction left I sent letter Kanabec County courthouse asking to file post conviction. I received letter back stating my petition had been filed. I never received any further instructions. Just letter stateing [sic] post conviction denied.

Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, at 3-4.

less, given the facts of this case, whether those claims were advanced, or not, is not critical to our exhaustion analysis.[5]

In O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999), the United States Supreme Court considered the exhaustion requirement in the context of whether a petitioner "must seek review in a state court of last resort when that court has discretionary control over its docket." In reaching its decision, that such a step is required, the Court noted that Section 2254(c) states that a peti-

---

[5]If the Petitioner did not assert both of those claims in his State Court postconviction Petition, then he has not remedied the failure to exhaust which led us to recommend the dismissal of his Petition in 1999. On the other hand, even if he did assert both claims in his State Court Petition, we find, as we detail in the text of this Report, that he has still failed to exhaust his State Court remedies, as he did not appeal the State District Court's denial of postconviction relief in the Minnesota Appellate Courts.

We acknowledge that any State Court appeal, which the Petitioner has yet to file, may be barred by State procedural rules, and that, in such a case, we would be compelled to determine, under the procedural default rule, whether we could now review his unexhausted claims. However, under the procedural default rule, Federal Courts are barred from reviewing claims which were defaulted under a firmly established and regularly followed procedural State law. See, Oxford v. Delo, 59 F.3d 741, 744 (8th Cir. 1995), citing Ford v. Georgia, 498 U.S. 411, 423-24 (1991); see also, Harris v. Reed, 489 U.S. 255, 262 (1989). Here, the Petitioner has made no showing that his claim would be procedurally defaulted by the State Court, or that, if it was, it was not defaulted under a firmly established and regularly followed rule. Accordingly, on the Record presented, we can only state, with certainty, our conclusion that the Petitioner has failed to exhaust his State Court remedies. Any decision under the procedural default rule must await an attempt by the Petitioner to demonstrate that he has satisfied the requirements of that rule.

tioner "shall not be deemed to have exhausted the remedies available in the courts of the State * * * if he has the right under the law of the State to raise, by any available procedure, the question presented." Acknowledging that this provision could be read quite broadly, the Court noted that it has been interpreted more narrowly, so that petitioners are not required to raise, on collateral appeal, issues already exhausted on direct appeal, or to seek every alternative remedy available to them. Id. at 844. However, recognizing that the purpose of exhaustion was to provide "state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," the Supreme Court held that "state prisoners must give the state courts **one full** opportunity to resolve any constitutional issues by invoking **one complete round** of the State's established appellate review process." Id. at 845 [emphasis added].

Our Court of Appeals has recognized that, under Minnesota law, "a direct appeal from a judgment of conviction is not the most appropriate way to raise a claim of ineffective assistance of trial counsel because the reviewing court does not have the benefit of all the facts concerning why defense counsel did or did not do certain things." Murray v. Wood, 107 F.3d 629, 631-32 (8th Cir. 1997), citing Roby v. State, 531 N.W.3d 482, 484 n. 1 (Minn. 1995). Further, it has noted that "Minnesota courts will 'consider[] in-

effective assistance claims in postconviction proceedings even though [the] petitioner did not raise the claims on direct appeal.'" Id., citing Scruggs v. State, 484 N.W.2d 21, 25 (Minn. 1992). We do not believe that a different result is reached under the Court's most recent holding, in Murray v. Hvass, 269 F.3d 896 (8th Cir. 2001), where the Court had reason to reconsider its earlier ruling in Murray v. Wood. In Murray v. Wood, our Court of Appeals affirmed the District Court's denial of Habeas relief, on exhaustion grounds, because the prisoner had not filed a Petition for postconviction relief in the State Court, even though he had filed a direct appeal in that Court. Determining that the State Courts of Minnesota would review such a postconviction request, notwithstanding the exhausted direct appeal, the Court concluded that the Petitioner had failed to exhaust his claim.

Following Murray v. Wood, the prisoner filed a request for postconviction relief in the State Courts, see Murray v. State, 1998 WL 747175 at *1-2 (Minn.App., October 27, 1998), which the Minnesota State Courts denied, holding that the claim had been procedurally exhausted. The prisoner then filed a second Petition for Habeas Corpus, in the Federal District Court, "which determined that habeas relief was unavailable to [the prisoner] because the state courts had held that his claim was procedurally defaulted." Murray v. Hvass, supra at 898. On appeal, the Court of Appeals for

the Eighth Circuit affirmed the District Court's decision, and rejected the prisoner's argument that, in denying his request for postconviction relief on grounds of procedural default, the Minnesota Courts had applied a rule that they had not consistently applied. Id. at 899. The Court reasoned as follows:

> It is true that a federal court is not barred from reviewing a state judgment on a petition for habeas corpus if that judgment is based on a state rule that is inconsistently followed. See Ford v. Georgia, 498 U.S. 411, 424-25, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). But the general rule in Minnesota, as we have said, is that "where [a] direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for post-conviction relief," State v. Knaffla, 309 Minn. 246, 243 N.W.2d 737, 741 (1976). This rule has been consistently followed by Minnesota courts for more than twenty years. See, e.g., Townsend v. State, 582 N.W.2d 225, 227-29 (Minn. 1998); Fox v. State, 474 N.W.2d 821, 824-25 (Minn. 1991); and Case v. State, 364 N.W.2d 797, 799 (Minn. 1985).
>
> After a careful review of the cases that [the prisoner] cites as examples of when the Minnesota rule has not been consistently followed by the courts of that state, we conclude that those cases, in the end, do not support his contention. Under Minnesota law, a procedural default can be overlooked "[i]n limited situations, if fairness so requires and if the petitioner did not 'deliberately and inexcusably' fail to raise the issue on direct appeal." Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995), quoting Bangert v. State, 282 N.W.2d 540, 545 (Minn. 1979); see also Townsend, 582 N.W.2d at 228. After Scruggs, the Minnesota Supreme Court, in Hale v. State, 566

> 2d 923, 926 (Minn. 1997), explained that the Scruggs court had simply "exercised its discretion to review in the interests of justice." In this case the Minnesota courts evidently concluded that the interests of justice did not warrant excusing [the prisoner's] procedural default, and this determination is entitled to respect by our court.

Id. at 899-900.

The Court went on to hold that, "[b]ecause '[a] federal court conducting habeas corpus review must ordinarily refrain from reviewing any issue that a state court has already found to be defaulted on an adequate and independent state-law basis,' Owsley v. Bowersox, 234 F.3d 1055, 1058 (8th Cir. 2000), and because [the prisoner] has not alleged cause and prejudice for his default or that he is actually innocent, we decline to consider the merits of his argument with respect to ineffective assistance of counsel." Id. at 900.

We conclude that the Court's holding, in Murray v. Hvass, controls this case, even if the Petitioner had properly perfected an appeal, for the State District Court's denial of postconviction relief, to the Minnesota Court of Appeals, and the Minnesota Supreme Court. Here, however, our analysis is necessarily concluded by the Petitioner's failure to exhaust his remedies in the Minnesota Appellate Courts. As the Court recognized, in Murray v. Hvass, there are occasions when the Minnesota Supreme Court will consider postconviction relief, even where the relief was not

requested in a previous direct appeal, and we cannot say that the Minnesota Appellate Courts would not exercise that discretion here. We can say, however, that if the relief were denied by the Minnesota Courts, on appeal, then the Petitioner's request for Habeas relief would be denied for the reasons expressed in Murray v. Hvass. A fortiori -- that is, with greater conviction -- the Petitioner's Habeas request should be denied where, as here, he has failed to seek the appellate review of the Minnesota Courts on his ineffective assistance of counsel claim. Accordingly, we recommend that the Petitioner's second request for Habeas relief be dismissed, without prejudice.[6]

---

[6]Given our analysis, we need not reach the issue of whether the Supreme Court's holding, in O'Sullivan v. Boerckel, 526 U.S. 838 (1999), applies to requests for relief in a collateral proceeding, rather than, as was the case in O'Sullivan, on direct appeal. Were we to reach that issue, however, we would find the distinction to be without a difference. As the Court of Appeals for the Seventh Circuit has recently observed, in White v. Godinez, 192 F.3d 607, 608 (1999), "we do not believe that there is any appreciable difference between direct appeals and postconviction appeals" when considering the holding, in O'Sullivan, that the failure to pursue postconviction Petition to the highest State Court is a procedural defect that bars a Federal Court from considering Habeas Corpus relief on the unappealed claim. For the purpose served by exhaustion to be achieved, a State prisoner must present each of his claims to the highest court of the State before he can present them in a Federal Court. See, Edwards v. Carpenter, 529 U.S. 446, 451 (2000)("The procedural default doctrine and its attendant 'cause and prejudice' standard are 'grounded in concerns of comity and federalism,' Coleman v. Thompson, 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), and apply alike whether the default in question occurred at trial, on appeal, or on state col-
(continued...)

NOW, THEREFORE, It is --

RECOMMENDED:

That the Amended Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed without prejudice.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 13, 2001**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall

---

[6](...continued)
lateral attack, Murray v. Carrier, 477 U.S. 478, 490-492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)."), and holding that a defaulted ineffective assistance of counsel claim, requires same showing of "cause and prejudice" as any other defaulted claim.

timely order and file a complete transcript of that Hearing **by no later than December 13, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.